**EXHIBIT A**

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Derrick Campbell</u>
 Plaintiff
    vs.

<u>CITY OF MIAMI GARDENS, Unknown Police Officer #1, Unknown Police Officer #2, Unknown Police Officer #3</u>
Defendant

II.      **AMOUNT OF CLAIM**

  Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>10,000,000</u>

III.      **TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business

- ☐ Malpractice – medical
- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**   **REMEDIES SOUGHT** (check all that apply):
  ☒  Monetary;
  ☐  Non-monetary declaratory or injunctive relief;
  ☐  Punitive

**V.**   **NUMBER OF CAUSES OF ACTION:**
    (Specify)

    <u>8</u>

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐  Yes
  ☒  No

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒  No
  ☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒  Yes
  ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Steven C. Marks</u>
        Attorney or party
FL Bar No.:  <u>516414</u>
        (Bar number, if attorney)
        <u>Steven C. Marks</u>
        (Type or print name)
  Date:  <u>03/31/2020</u>

## IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| DERRICK CAMPBELL,<br><br>      Plaintiff,<br><br>v s .<br><br>CITY OF MIAMI GARDENS,<br>a Municipal Entity, Three Unknown<br>Officers of the City of Miami Gardens Police<br>Department, in their individual capacities,<br><br><br>   Defendants. | CASE NO.:<br><br><br>┌─────────────┐<br>│ **EXHIBIT** │<br>│     **B**      │<br>└─────────────┘ |

## COMPLAINT

PLAINTIFF, DERRICK CAMPBELL, sues the DEFENDANTS, CITY OF MIAMI GARDENS, a Municipal Entity and THREE UNKNOWN OFFICERS of the CITY OF MIAMI GARDENS POLICE DEPARTMENT, in their individual capacities, and states as follows:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for damages and all other applicable laws for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is therefore within the jurisdictional limits of this Court.

2.      Defendants City of Miami Gardens and three unknown officers of the City of Miami Gardens Police Department are subject to the jurisdiction of this Court because, at all relevant times, all Defendants were residents of the state of Florida.

3.      Venue is proper in Miami-Dade County, Florida because all of the parties reside in Miami-Dade County and/or conduct business in Miami-Dade County; the events that are the subject of this lawsuit transpired in Miami-Dade County; and the cause of action accrued in Miami-Dade County.  Venue is founded upon Florida Statutes Section 47.011.

4.      All conditions precedent to bringing this action have been met.  In December 2018, more than six months before the filing of this complaint, a notice of claim was sent to and received by the City of Miami Gardens, the Mayor, the City Attorney, and the Chief of Police pursuant to Florida Statutes Section 768.28.

5.      This is a civil action seeking money damages against the City of Miami Gardens and three unknown officers of the City of Miami Gardens Police Department.  This action is for the violation of plaintiff's constitutional rights by defendants unlawfully initiating and executing a search of plaintiff's residence and unlawfully seizing the plaintiff without probable cause, and for other claims arising from the officers' actions.

6.      At all relevant times, Plaintiff, Derrick Campbell, was and is a resident of Miami-Dade County, Florida, residing at 2865 NW 196th Terrace, Miami Gardens, Florida 33056. Derrick Campbell was born and raised in Jamaica and is a legal resident of the United States of America.

7.      Defendant, City of Miami Gardens, is a Florida municipality incorporated pursuant to the laws of the State of Florida.

8.      Defendants, Three Unknown Officers of the City of Miami Gardens Police Department, were, at all times material, police officers for the City of Miami Gardens and were, at all times material, acting under color of state law.

.

2

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   | www.podhurst.com

## GENERAL ALLEGATIONS

**I.      The alarm calls to the City of Miami Gardens Police Department**

9.      On or around 4:50 p.m. on July 8, 2016, the City of Miami Gardens Police Department received a call from an alarm company indicating an alert at 2865 NW 169th Terrace, Miami Gardens, Florida 33056. Upon information and belief, a second alert was reported at that address approximately five minutes later.

10.      Upon information and belief, the City of Miami Gardens Police Department received another call from the owner or resident of 2865 NW 169th Terrace approximately eight minutes after the initial call. The caller repeated the address for the alert and asked when police would arrive because the caller had access to cameras for the property and had not seen any responding officers. The City of Miami Gardens Police Department employee assured the caller that police were very busy but would respond as soon as possible.

11.      Either prior to or after receiving the call from the property owner or resident, the City of Miami Gardens Police Department employee called the alarm company that reported the initial alert.  On that call, the police department employee erroneously asked about an alert at 2865 NW _196th_ Terrace—Derrick Campbell's address—an error that the alarm company representative corrected during the call.

12.      Upon information and belief, the police department dispatcher issued a call for an alarm at 2865 NW 196th Terrace, notwithstanding the alarm company's clarification.  In other words, the dispatcher issued a call for an alarm at Derrick Campbell's address, despite the fact that no alarm had been triggered at that address and, upon information and belief, the police had received no calls on that date referring to that address.

3

## II.      Police arrive at the property

13.      Upon information and belief, three officers of the City of Miami Gardens Police Department responded to the dispatcher's erroneous call regarding 2865 NW 196th Terrace on or around 5:45 p.m.—approximately one hour after the initial call from the alarm company.

14.      Footage from surveillance cameras at the property shows that the responding officers likely did not suspect the intruder was still present. For example, the footage shows officers were relaxed and slowly strolled to the property line.



15.      For over ten minutes, the officers remained outside the property. During this time, the officers circled around an alleyway and searched the back porch and the shed behind the home. The officers did not encounter any signs of forced entry, other persons in the vicinity, or other signs of suspicious activity.

16.      Despite lacking a warrant, and despite the absence of any lawful basis for a warrantless entry, the officers decided to enter Derrick Campbell's home. Footage from a security camera inside the home shows the officers abruptly entering the darkened house—guns drawn—

4

and using flashlights to search inside closets, behind curtains, and even inside Derrick's refrigerator.



17.     Finding nothing, the officers continued their search deeper into Derrick's home. Eventually, the officers entered Derrick's bedroom.

## III.     Derrick Campbell

18.     On the afternoon of July 8, 2016, Derrick Campbell was asleep in his home at 2865 NW 196th Terrace, Miami Gardens, Florida 33056.

19.     On or around 6 p.m., Derrick was lying face down in bed when he was startled awake by City of Miami Gardens police officers holding a gun to his head.

20.     Upon information and belief, one of the responding officers recognized Derrick from an earlier call. This officer told the other two officers something similar to "we have the wrong guy."

21.     Despite confirming that Derrick was "the wrong guy," and despite still lacking a warrant or any lawful basis for a warrantless search or seizure, the officers proceeded to handcuff Derrick and continue searching the house.

5

22.     After several minutes, the officers finished their search and released Derrick. Shaken, Derrick walked the officers off the property.

23.     Upon information and belief, the officers intentionally failed to file a report on the incident despite assuring Derrick that a superintendent would speak with him about the search of the property and his detention.

24.     The shock of waking up inside his home, in the dark, with three figures standing over him with guns drawn has severely impacted Derrick's personal and professional life, and has left him with significant psychological suffering and injuries.  Derrick suffers from frequent nightmares, panic attacks, and has been diagnosed with Post-Traumatic Stress Disorder.

## <u>COUNT I</u>
### 42 U.S.C. § 1983—Illegal Search Against Three Unknown Officers

25.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

26.     This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the unknown officers individually.

27.     On July 8, 2018, the three unknown officers, acting under color of state law in the course and scope of their duties, entered and searched Derrick Campbell's residence.

28.     The officers' actions violated Derrick's constitutional rights under the Fourth Amendment to the United States Constitution.

29.     Specifically, the officers' search of the apartment violated Derrick's Fourth Amendment right against unreasonable searches without a warrant or probable cause. The search of Derrick's residence was unreasonable because multiple calls between the Miami Gardens Police Department confirmed that an alarm was sounding at 2865 NW 169th Terrace—not 2865 NW 196th Terrace, where Derrick lives—the officers arrived nearly an hour after the initial call, and

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

because the officers' preliminary search of the property for over ten minutes prior to entering the residence found no signs of forced entry or of a crime taking place.

30.     Accordingly, the officers' search of the property was unlawful, unreasonable and unjustified, and their execution of the search in the clear absence of a lawful basis constituted reckless and wanton disregard for Derrick Campbell's Fourth Amendment Rights.  The officers knew or reasonably should have known that their search of the property was contrary to clearly established law.

31.     In addition, even if entering and searching the residence was reasonable under the circumstances, the officers exceeded the lawful scope of the search by searching areas that no person could hide inside and that could not have triggered an interior motion alarm, such as inside Derrick's refrigerator.

32.     The officers knew or should have known that under clearly established law, even if the search had been proper, the lawful scope of their search was limited.  Because the officers were responding to a possible burglary call, there was no reasonable or lawful justification under the circumstances for entering a residence that showed no sign of forced entry or a crime despite over ten minutes of surveillance. There was similarly no lawful reason or justification under the circumstances for searching inside of a refrigerator for a suspect after entering the residence. To the extent that the officers hoped of finding an illicit substance, this was an improper and unlawful reason for violating Derrick's Fourth Amendment rights under the circumstances because the officers lacked probable cause for such a search. In short, the officers intentionally exceeded the lawful scope of their search, and did so in wanton disregard for Derrick Campbell's Fourth Amendment rights.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

33.     Further, upon information and belief, one of the officers identified Derrick Campbell prior to Derrick's detention and handcuffing. Therefore, at the time of the identification, the officers knew or should have known that Derrick was not a suspect, posed no threat, and that the officers were misinformed or responding to a false alarm. The fact that the officers identified Derrick Campbell further undermined any justification that they may have had—lawful or otherwise—for continuing and expanding their search of the property. Therefore, continuing a search of the residence after identifying Derrick Campbell was unreasonable and unlawful.

34.     As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

### COUNT II
### 42 U.S.C. § 1983—Unlawful Seizure Against Three Unknown Officers

35.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

36.     This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the unknown officers individually.

37.     On July 8, 2016, the officers, acting under color of state law in the course and scope of their duties, handcuffed Derrick Campbell after waking him with guns drawn and kept Derrick restrained until the officers completed their search.

38.     The officers' detention of Derrick Campbell violated Derrick's Fourth Amendment right against unreasonable seizure without a warrant or probable cause and Derrick's Fourteenth Amendment right against deprivation of liberty by the State without due process of law.

39.     Not only did the officers lack a warrant of any kind, but Derrick was identified by one of the officers after being found sleeping in the bedroom. That officer stated something similar

8

to "we have the wrong guy," a clear indication that the officers knew or should have known that Derrick was neither a suspect nor a risk. Therefore, the officers knew or should have known that they lacked probable cause to detain Derrick Campbell, facedown and in handcuffs, while the officers continued to search the residence. Under the circumstances, Derrick Campbell's detention was unreasonable.

40.     Moreover, there is no indication in the record that Derrick Campbell was armed, that the officers believed he was armed, or that this belief would be reasonable under the circumstances.

41.     The officers knew or reasonably should have known that under clearly established law, their seizure of Derrick Campbell under the circumstances was unreasonable, unjustified, and unlawful.

42.     As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT III
### 42 U.S.C. § 1983—Illegal Search Against City of Miami Gardens

43.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

44.     This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the City of Miami Gardens arising from an unconstitutional municipal policy.

45.     The city council of Miami Gardens is vested by state law with the authority to make policy for the city on searches and seizures by police officers employed by the City of Miami Gardens.  Police officers for the city—including, upon information and belief, the three unknown

9

officers in this case—were and are, at all times material, aware of the city's policies regarding searches, seizures, and discipline.  Specifically, the city's policies as to the discipline of officers accused of violating those policies were so inadequate that it was obvious that a failure to correct them would result in further incidents of illegal searches.  Therefore, the city's policies, customs, and practices, as well as its failure to correct said policies, customs, and practices, constitute indifference to the right against illegal searches, and caused the illegal search of Plaintiff as set forth above. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further discovery.

46.     On July 8, 2018, the officers, acting under color of state law in the course and scope of their duties, entered and searched Derrick Campbell's residence. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

47.     The officers' actions deprived Derrick of his constitutional rights under the Fourth Amendment to the United States Constitution.

48.     The officers' search of the apartment deprived Derrick of his Fourth Amendment right against unreasonable searches without a warrant or probable cause. The search of Derrick's residence was unreasonable because multiple calls between the Miami Gardens Police Department confirmed that an alarm was sounding at 2865 NW 169th Terrace—not 2865 NW 196th Terrace, where Derrick lives—the officers arrived nearly an hour after the initial call, and because the officers' preliminary search of the property for over ten minutes prior to entering the residence found no signs of forced entry or of a crime taking place.

49.     In addition, even if entering and searching the residence was reasonable under the circumstances, the officers exceeded the lawful scope of the search by searching areas that no

10

person could hide inside and that could not have triggered an interior motion alarm, such as inside Derrick's refrigerator.

50.     The officers knew or should have known that their search was limited in scope by law—for example, limited in scope by the substance of the alarm call. In responding to a possible burglary call, there was no reasonable justification under the circumstances for entering a residence that showed no sign of forced entry or a crime during over ten minutes of surveillance. There is similarly no lawful reason or justification under the circumstances for searching inside of a refrigerator for a suspect after entering the residence. Therefore, the officers intentionally exceeded the lawful scope of their search in hopes of finding an illicit substance—an unjustifiable reason for violating Derrick's Fourth Amendment rights under the circumstances because the officers lacked probable cause for such a search.

51.     Further, upon information and belief, one of the officers identified Derrick Campbell prior to Derrick's detention. At that time, the officers knew or should have known that Derrick was not a suspect, posed no threat, and that the officers were misinformed or responding to a false alarm. Continuing a search of the residence after identifying Derrick Campbell was unreasonable and unlawful.

52.     The City of Miami Gardens had knowledge or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as alleged, were likely to occur. The City of Miami Gardens had power to prevent or aid in preventing the commission of this illegal search, could have done so by reasonable diligence, and intentionally, knowingly, wantonly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

11

53.     The City of Miami Gardens, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, willful, and/or wanton conduct of the officers described above. On information and belief, the City of Miami Gardens Police Department failed to create an incident report or follow-up on the reported conduct of its officers even after Plaintiff notified the department. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

54.     As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

<u>**COUNT IV**</u>
**42 U.S.C. § 1983—Unlawful Seizure Against City of Miami Gardens**

55.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

56.     This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the City of Miami Gardens arising from an unconstitutional municipal policy.

57.     The city council of Miami Gardens is vested by state law with the authority to make policy for the city on searches and seizures by police officers employed by the City of Miami Gardens.  Police officers for the city—including, upon information and belief, the three unknown officers in this case—were and are, at all times material, aware of the city's policies regarding searches, seizures, and discipline.  Specifically, the city's policies as to the discipline of officers accused of violating those policies were so inadequate that it was obvious that a failure to correct them would result in further incidents of illegal searches.  Therefore, the city's policies, customs, and practices, as well as its failure to correct said policies, customs, and practices, constitute

indifference to the constitutional right against unlawful seizures and caused the unlawful seizure of Plaintiff as set forth above. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further discovery.

58.     On July 8, 2016, the officers, acting under color of state law in the course and scope of their duties, handcuffed Derrick Campbell after waking him with guns drawn and kept Derrick restrained until the officers completed their search. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

59.     The officers' detention of Derrick Campbell violated Derrick's Fourth Amendment right under the United States Constitution against unreasonable seizure without a warrant or probable cause and Derrick's Fourteenth Amendment right against deprivation of liberty by the State without due process of law.

60.     Not only did the officers lack a warrant of any kind, but Derrick was identified by one of the officers after being found sleeping in the bedroom. That officer stated something similar to "we have the wrong guy," a clear indication that the officers knew or should have known that Derrick was neither a suspect nor a risk. Therefore, the officers knew or should have known that they lacked probable cause to detain Derrick Campbell, facedown and in handcuffs, while the officers continued to search the residence. Under the circumstances, Derrick Campbell's detention was unreasonable.

61.     The City of Miami Gardens had knowledge or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as alleged, were likely to occur. The City of Miami Gardens had power to prevent or aid in preventing the commission of this illegal seizure, could have done so

13

by reasonable diligence, and intentionally, knowingly, wantonly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

62.     The City of Miami Gardens, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, and wanton conduct of the officers described above. On information and belief, the City of Miami Gardens Police Department failed to create an incident report or follow-up on the reported conduct of its officers even after Plaintiff notified the department. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

63.     As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT V
### Governmental Intrusion by City of Miami Gardens

64.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

65.     This action is brought under Article I, § 23 of the Florida Constitution, which guarantees a right to privacy free from governmental intrusion.

66.     This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

67.     At all relevant times, Derrick Campbell held a legitimate expectation of privacy within his home while sleeping in bed at 2865 NW 196th Terrace.

14

68.     On July 8, 2016, the officers of the City of Miami Gardens Police Department, acting under color of state law in the course and scope of their duties, knowingly and wrongfully intruded into Derrick's personal residence and bedroom. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

69.     The Miami Gardens Police Department's wrongful actions include:

   a.  entering an exterior building and searching the exterior of 2865 NW 196th Terrace after erroneously responding to a call from 2865 NW 169th Terrace;

   b.  after arriving nearly one hour after the initial call, and after over ten minutes of searching and *not* finding signs of forcible entry or a burglary underway, entering the private residence of Derrick Campbell;

   c.  once inside the residence, searching various rooms, closets, and other areas of the residence without probable cause and where it would be unreasonable to search for an intruder even if there were a legitimate exigent circumstance; and

   d.  waking and detaining Derrick Campbell in an undesirable and offensive manner, at gunpoint, after one of the officers identified Derrick and expressed that Derrick was the wrong man.

70.     In conducting the wrongful acts listed above, the City of Miami Gardens Police Department wrongfully infringed upon Derrick Campbell's legitimate expectation of privacy. Moreover, it did so in a manner that would cause outrage, mental suffering, shame, and humiliation to an ordinary person.

71.     The actions of the City of Miami Gardens police department were not necessary to protect a compelling state interest, nor did they protect any purported state interest in the least intrusive manner possible.  Indeed, there were no circumstances justifying the City's actions intruding upon Derrick Campbell's legitimate expectation of privacy.

72.     As a result of the actions of the City of Miami Gardens Police Department, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not

Podhurst Orseck P.A.

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

<u>COUNT VI</u>
**False Imprisonment by City of Miami Gardens**

73.    Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

74.    This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

75.    On July 8, 2016, the officers of the City of Miami Gardens Police Department, acting under color of state law in the course and scope of their duties, knowingly and wrongfully intruded into Derrick's personal residence and bedroom. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

76.    After waking Derrick Campbell at gunpoint in his home, the officers restrained Derrick with handcuffs against his will for several minutes while continuing to search the residence.  This restraint was against Derrick Campbell's will, and deprived him of his liberty.

77.    Prior to handcuffing Derrick Campbell, one officer indicated that they had the "wrong guy" based on an earlier interaction with Derrick. This knowledge coupled with the surrounding circumstances—for example, there were no signs of forced entry and Derrick was asleep and not threatening—made it unreasonable, unwarranted, and therefore unlawful to restrain Derrick Campbell.

78.    As a result of the Miami Gardens Police Department's conduct, Derrick Campbell suffered and continues to suffer from severe mental and emotional trauma including, but not

16

limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT VII
### Assault by City of Miami Gardens

79.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

80.     This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

81.     In waking Derrick Campbell at gunpoint and handcuffing him, without a warrant or probable cause for entering or searching his residence, the officers intentionally and unlawfully caused a harmful and offensive contact with Derrick's person as well as an imminent apprehension of such contact.

82.     As a result of the Miami Gardens Police Department's conduct, Derrick Campbell suffered and continues to suffer from severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT VIII
### Negligent Infliction of Emotional Distress by City of Miami Gardens

83.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

84.     This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

85.     On July 8, 2016, at all relevant times, Derrick Campbell was asleep in his home at 2865 NW 196th Terrace.

17

86.     At approximately 4:50 p.m., the City of Miami Gardens Police Department received a call from an alarm company about an interior movement alarm at 2865 NW 169th Terrace. The police department received a second call from either the owner or a tenant, asking when officers would arrive at 2865 NW 169th Terrace. Additionally, the police department called the alarm company to confirm the alarm. On that call, the alarm company representative clarified that the alert came from 2865 NW 169th Terrace after the police dispatcher recited the address incorrectly.

87.     Despite multiple calls, the Miami Gardens Police Department dispatched officers to Derrick Campbell's home at 2865 NW 196th Terrace.

88.     The officers of the City of Miami Gardens Police Department, acting under color of state law in the course and scope of their duties, knowingly and wrongfully intruded into Derrick's personal residence and bedroom. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

89.     After searching outside for several minutes, and finding no signs of forced entry or a crime in progress, the officers decided to enter the residence with guns drawn. The officers lacked probable cause for entering the residence and their entry was unlawful and unreasonable under the circumstances.

90.     While conducting a search, the officers came across Derrick Campbell asleep face down in his bed. On information and belief, the officers did not turn on the lights. Derrick Campbell woke to multiple flashlights pointing in his eyes and dark figures looming over him with guns drawn. At this time, one officer indicated to the others that they had the "wrong guy." Despite

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346       www.podhurst.com

this warning, the officers proceeded to handcuff Derrick Campbell and continue to search the residence.

91.     At all relevant times, the officers had an obligation to conduct their search—if any—in a reasonable way, and without causing foreseeable trauma or emotional distress to Derrick Campbell or any other occupant of the residence.

92.     The officers' actions constitute a breach of their duty because the officers knew or should have known that waking Derrick in that manner—with flashlights obscuring his vision so that he could only see three dark figures over him with guns drawn—would be traumatic. Proceeding to handcuff Derrick despite knowledge that he was the "wrong guy" constitutes further negligent conduct that the officers knew or should have known would induce trauma.  Moreover, the officers' actions were unreasonable and unjustified under the circumstances.

93.     As a result of his physical detention with handcuffs after being woken in his home at gunpoint by three officers of the Miami Gardens Police Department, Derrick Campbell suffered and continues to suffer severe psychological trauma in the form of night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

**WHEREFORE**, Plaintiff demands judgement against Defendant for compensatory damages, costs, interest, attorneys' fees, and such other relief as this Court deems appropriate.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff demands a trial by jury of all issues triable as of right.

Dated: March 31, 2020

Respectfully Submitted,

**PODHURST ORSECK, P.A.**
Attorneys for Plaintiff
One S.E. 3rd Avenue, Suite 2700
Miami, Florida 33131
(305) 358-2800/Fax (305) 358-2382

By:   /s/ Steven C. Marks
      STEVEN C. MARKS
      Fla. Bar No. 516414
      smarks@podhurst.com
      KRISTINA M. INFANTE
      Fla Bar No. 112557
      kinfante@podhurst.com

Filing # 105690660 E-Filed 03/31/2020 04:08:17 PM

**EXHIBIT C**

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL COVER SHEET | |
|---|---|---|
| ☐ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | | CASE NUMBER: _____<br><br>JUDGE _____ |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| | | |

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**AMOUNT OF CLAIM**

**Please indicate the estimated amount of the claim, rounded to the nearest dollar. $_____**

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and Indebtedness
☐ Eminent domain
☐ Auto Negligence
☐ Negligence - Other
   ☐ Business Governance
   ☐ Business Torts
   ☐ Environmental/Toxin Tort
   ☐ Third Party Indemnification
   ☐ Construction Defect
   ☐ Mass Tort
   ☐ Negligent Security
   ☐ Nursing Home Negligence
   ☐ Premises Liability - Commercial
   ☐ Premises Liability - Residential
☐ Products Liability
☐ Real Property/Mortgage Foreclosure
   ☐ Commercial Foreclosure
   ☐ Homestead Residential Foreclosure
   ☐ Non-Homestead Residential Foreclosure
   ☐ Other Real Property Actions
☐ Professional Malpractice
   ☐ Malpractice - Business
   ☐ Malpractice - Medical
   ☐ Malpractice - Other professional

☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transactions
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional Challenge - Statute or Ordinance
   ☐ Constitutional Challenge - Proposed amendment
   ☐ Corporate Trust
   ☐ Discrimination - Employment or Other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities Litigation
   ☐ Trade Secrets
   ☐ Trust Litigation

☐ County Civil
   ☐ Small Claims up to $8,000
   ☐ Civil
   ☐ Replevins
   ☐ Evictions
   ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  ☐ Yes  ☐ No

**REMEDIES SOUGHT** (check all that apply):

☐     Monetary;

☐     Non-monetary declaratory or injunctive relief;

☐     Punitive

**NUMBER OF CAUSES OF ACTION**: [     ]

(specify) _____

_____

**IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes

☐ No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☐ No

☐ Yes   If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

**IS JURY TRIAL DEMANDED IN COMPLAINT?**

☐ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____  Florida Bar # _____

        Attorney or party                      (Bar #, if attorney)

_____  _____

(type or print name)               Date

### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.   Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.   Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes and is not considered dispositive of the claim.

**III.   Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

**Circuit Civil**

(A) Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B) Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from sale of goods, but excluding contract disputes involving condominium associations.

(C) Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D) Auto negligence - all matter arising out of a party's allegedly negligent operation of a motor vehicle.

(E) Negligence-other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F) Business governance - all matters relating to the management, administration, or control of a company.

(G) Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H) Environmental/Toxic tort - all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)  Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.

(J) Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K) Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L) Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.

(M) Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N) Premises liability-commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O) Premises liability-residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P) Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q) Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units. (The amount of claim specified in Section II. of the form determines the filing fee pursuant to section 28.241, Florida Statutes.)

(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid dept secured by the property.

(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption.

(T) Non-homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption.
(U) Other real property actions - all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure.
(V) Professional malpractice - all professional malpractice lawsuits.
(W) Malpractice-business - all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.
 (X) Malpractice-medical - all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.
(Y) Malpractice-other professional - all matters relating to negligence of those other than medical or business professionals.
(Z) Other - all civil matters not included in other categories.
(AA) Antitrust/Trade regulation - all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.
(AB) Business transactions - all matters relating to actions that affect financial or economic interests.
(AC) Constitutional challenge-statute or ordinance - a challenge to a statute or ordinance, citing a violation of the Florida Constitution.
(AD) Constitutional challenge-proposed amendment - a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has directed jurisdiction of such challenges.
(AE) Corporate trust - all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.
(AF) Discrimination-employment or other - all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.
(AG) Insurance claims - all matters relating to claims filed with an insurance company.
(AH) Intellectual property - all matters relating to intangible rights protecting commercially valuable products of the human intellect.
(AI) Libel/Slander - all matters relating to written, visual, oral, or aural defamation of character.
(AJ) Shareholder derivative action - all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.
(AK) Securities litigation - all matters relating to the financial interest or instruments of a company or corporation.
(AL) Trade secrets - all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.
(AM) Trust litigation - all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

**County Civil**

(AN) Civil – all matters involving claims ranging from $8,001 through $30,000 in damages, exclusive of interest, costs, and attorney fees.
(AO) Replevins—all lawsuits pursuant to Chapter 78, Florida Statutes, involving claims up to $30,000.
(AP) Evictions—all matters involving the recovery of possession of leased land or rental property by process of law.
(AQ) Other civil (non-monetary)—includes all other non-monetary county civil matters that were not described in other county civil categories.

_____

**IV. Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.
**V. Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause action.
**VI. Class Action.** Place an "X" in the appropriate box.
**VII. Related Cases.** Places an "X" in the appropriate box.
**VIII. Is the Jury Trial Demanded In Complaint?** Check the appropriate box to indicate whether a jury trial is being demanded in the complaint.

**ATTORNEY OR PARTY SIGNATURE.** Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425.**

Filing #106446870 E-Filed 04/20/2020 01:01:21 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | WAIVER OF SERVICE OF PROCESS | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | (c) Forms for Services by Mail.<br>(2) Waiver of Service of Process. | 2020-007496-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Derrick Campbell | CITY OF MIAMI GARDENS,<br>a Municipal Entity, Three Unknown<br>Officers of the City of Miami Gardens<br>Police Department, in their individual<br>capacities, | **EXHIBIT D** |

**TO:** Steven C. Marks, Esq., Podhurst Orseck, One SE 3rd Ave., #2300, Miami, Florida

I acknowledge receipt of your request that I waive service of process in the lawsuit of _____DERRICK CAMPBELL_____ v. CITY OF MIAMI GARDENS, a Munici in the ☒ Circuit ☐ County Court in ___Miami-Dade County___. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service process and an additional copy of the complaint in this lawsuit by not requiring that I, (or the entity on whose behalf I am acting), be served with judicial process in the manner provided by Fla. R. Civ. P.1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, and my authority to accept service on behalf of such person or entity is as follows: I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service) ___Attorney for CITY OF MIAMI GARDENS,___

a Municipal Entity, Three Unknown  Officers of the City of Miami Gardens Police Department, in their individual capacities.

I, (or the entity on whose behalf I am acting), will retain all defense or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me, (or the party on whose behalf I am acting), if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

**DATED ON** ___04/20/2020___

_Stephanie Pidermann, Esq._
_____
Defendant or Defendant's Representative

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 914 Rev. 12/11                                    Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

DERRICK CAMPBELL

CASE NO.: 2020-007496-CA-01

        Plaintiffs,

v..

CITY OF MIAMI GARDENS,
a Municipal Entity, Three Unknown
Officers of the City of Miami Gardens
Police Department, in their individual
capacities,

        Defendants.

_____/

| EXHIBIT |
| :-----: |
| **E** |

## DEFENDANTS'
## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

NOTICE IS HEREBY GIVEN that, Steven H. Johnson, Esquire, Stephanie Pidermann, Esquire, and Brandon Fernandez, Esquire and the law firm of Lydecker Diaz hereby enter this appearance as counsel for Defendants, CITY OF MIAMI GARDENS, a Municipal Entity, Three Unknown Officers of the City of Miami Gardens Police Department, in their individual capacities.

NOTICE IS ALSO HEREBY GIVEN, pursuant to Fla.R.Jud.Adm. 2.516(b)(1)(A), of the primary and secondary e-mail address for the undersigned counsel of the law firm, Lydecker Diaz appearing on behalf of Defendants. Service of all future pleadings, notices and orders should be made upon the designated counsel at the e-mail addresses provided below:

| Primary e-mail address for counsel | Secondary e-mail address |
| --- | --- |
| Stephen H. Johnson, Esquire<br>shj@lydeckerdiaz.com | Cindy Rivera<br>cr@lydeckerdiaz.com |
| Stephanie Pidermann, Esquire<br>sp@lydeckerdiaz.com | Evelyn Valido<br>ev@lydeckerdiaz.com |
| Brandon L. Fernandez, Esquire<br>blf@lydeckerdiaz.com | Ilayda Gurler<br>igurler@lydeckerdiaz.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was served via E-Portal to

smarks@podhurst.com and kinfante@podhurst.com, upon: Steven C. Marks, Esq., *Attorney for*

*Plaintiff,* Podhurst Orseck, P.A., One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 on this 20th

day of April, 2020.

> LYDECKER | DIAZ
> Attorneys for Defendants
> 1221 Brickell Avenue, 19th Floor
> Miami, Florida 33131
> Telephone: (305) 416-3180
> Facsimile: (305) 416-3190

> By:  /s/ *Stephen H.  Johnson, Esq.*
> STEPHEN HUNTER JOHNSON, ESQ.
> Florida Bar No: 12362
> shj@lydeckerdiaz.com
> STEPHANIE PIDERMANN, ESQ.
> Florida Bar No.: 60414
> sp@lydeckerdiaz.com
> BRANDON L. FERNANDEZ, ESQUIRE
> Florida Bar No.:  1002969
> E-mail: blf@lydeckerdiaz.com